NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH BROWN, | No. 14-16153 |
| Petitioner-Appellant, | D.C. No. 1:14-cv-00481-LJO |
| v. | |
| PAUL COPENHAVER, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted March 13, 2018[**]

Before:    LEAVY, M. SMITH, and CHRISTEN, Circuit Judges.

Federal prisoner Joseph Brown appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We dismiss.

Brown's section 2241 petition alleged that prison staff at USP Atwater

improperly designated him to a "Control Unit Facility" within the prison. The

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

district court dismissed Brown's petition on the basis that his claim was not cognizable in habeas. On appeal, Brown asks this court to remand the petition to the district court so he can develop a claim that, he contends, meets the jurisdictional requirements to seek habeas relief.

We need not determine whether the district court properly concluded that it lacked jurisdiction over Brown's habeas petition because the Bureau of Prisons' inmate locator service shows that Brown is currently being housed at USP Canaan, in Waymart, Pennsylvania. Brown's claim, which arose from his custody designation at USP Atwater, is therefore moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (a habeas petition becomes moot when the injury alleged cannot be redressed by a favorable judicial decision); *Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997) (dismissing appeal because challenge to placement in administrative segregation became moot upon appellant's release on parole). We, accordingly, deny Brown's request to remand to add a new claim and dismiss this appeal. *See Munoz*, 104 F.3d at 1098.

All other pending motions are denied.

**DISMISSED.**